THE SUNTAG LAW FIRM
A Professional Corporation
DANA A. SUNTAG (California State Bar No. 125127)
LORIS L. BAKKEN (California State Bar No. 215033)
The Kress Building
20 North Sutter Street, Fourth Floor
Stockton, California 95202
Telephone: (209) 943-2004
Facsimile: (209) 943-0905

Attorneys for Chapter 7 Trustee
ERIC J. NIMS

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

IN RE:

EDWARD GREGORY SOMERVILLE,

Debtor.

NO: 10-49617-D-7

DC No.: SLF 6

MOTION FOR AUTHORIZATION TO SELL THE ESTATE'S INTEREST IN A VEHICLE AT PUBLIC AUCTION FREE AND CLEAR OF INTERESTS AND TO COMPENSATE THE AUCTIONEER

Date: June 15, 2011
Time: 10:00 a.m.
Place: Department D
Honorable Robert S. Bardwil

Chapter 7 Trustee Eric J. Nims respectfully moves for authorization to sell personal property of the estate at public auction free and clear of interests and to compensate the auctioneer. The Trustee believes the proposed sale of the personal property is in the best interests of the creditors and this Court should approve it pursuant to Bankruptcy Code Sections 363(b) and 363(f)(4).

I.
FACTS

The Trustee represents the following:

1. On November 9, 2010, the Debtor filed this case. Eric J. Nims was appointed Chapter 7 Trustee.

MOTION TO SELL AT PUBLIC AUCTION

1

2. The Debtor originally scheduled a 1972 Chevrolet Corvette (the "Corvette"). He valued the Corvette at $5000 and claimed $1900 of it exempt under Code of Civil Procedure Section 704.010.

3. On January 12, 2011, the Debtor amended his Schedule C. In it he increased the value of the Corvette from $5000 to $19,000 and claimed the entire value exempt under Section 704.020.

4. The Debtor attached to his Amended Schedule C copies of (1) the Certificate of Title, and (2) a letter stating that the Corvette was "<u>100%</u> conveyed to [his] Son, Jason Somerville, as a gift in November 2009," but the Debtor "maintained a secondary title and registration interest" (emphasis in original) (the "Transfer").

5. The Certificate of Title and Corvette registration both list the Debtor and his son Jason Somerville as owners of the Corvette.

6. On January 20, 2011, the Debtor again amended his Schedule C. This time, he "switched" his exemptions to the Section 703 exemptions, except he improperly retained the Section 704 exemptions for certain property. He increased the value of the Corvette again, this time to $25,000, altered the description of his ownership interest in it to "any interest in 1972 Chev Corvette," and increased the exemption to $24,000, this time under Section 703.140(b)(1) and (d)(5).

7. On January 24, 2011, the Debtor turned the Corvette over to the Trustee for sale at public auction subject to his $24,000 exemption; however, the Debtor's son is still on the Certificate of Title. (Nims Decl., ¶ 2).

8. The Corvette is stored at Ernst & Associates Auctioneers, Inc. ("Ernst"), located at 824 Kiernan Avenue, Modesto, California 95356. (Nims Decl., ¶ 3).

9. The Debtor did not schedule any liens against the Corvette and the Trustee is unaware of any liens. (Nims Decl., ¶ 4).

## II.
## BECAUSE THERE IS A DISPUTE REGARDING THE ESTATE'S INTEREST IN THE CORVETTE, THE TRUSTEE MAY SELL IT FREE OF ANY INTERESTS

10. Bankruptcy Code Section 548 allows the trustee to avoid a transfer of an interest of the debtor in property made within two years before the date of the petition if the debtor received less than reasonably equivalent value and (among other things) was insolvent on the date that the transfer was made or such obligation was incurred or became insolvent as a result of the transfer.

11. Here, the Debtor made the Transfer to his son in November 2009 — within one year before filing the instant case. By the Debtor's own admission, the Transfer was a gift and he therefore received less than a reasonably equivalent value in exchange. Moreover, at the time of transfer, the Debtor was insolvent; indeed, he filed (yet another) bankruptcy case just after he made the transfer, on February 10, 2010. (Case Number 10-23129). Therefore, the Trustee is entitled to the Transfer under Section 548 and may recover it for the benefit of the estate under Section 550. (Nims Decl., ¶ 5).

12. The Debtor maintains that the Transfer was not fraudulent. (Paragraphs 11 and 12 are collectively the "Dispute"). (Nims Decl., ¶ 6).

13. Bankruptcy Code Section 363(f)(4) states that a trustee may sell property free and clear of any interest if "such interest is in bona fide dispute."

14. "The purpose of Section 363(f)(4) is to permit property of the estate to be sold free and clear of interests that are disputed by the representative of the estate so that liquidation of the estate's assets need not be delayed while such disputes are being litigated." (*In re Federico*, 2009 WL 2905855 at 2 (E.D. Ca.2009), citing *Moldo v. Clark (In re Clark)*, 266 B.R. 163, 171 (9th Cir. B.A.P. 2001).

15. Here, because of the Debtor's claim that his son has an interest in the Corvette, there is a bona fide dispute regarding the Corvette.

## III.
## IT IS APPROPRIATE TO SELL THE CORVETTE AT PUBLIC AUCTION

16. The Trustee believes, based on his knowledge and on Ernst's evaluation of the Corvette, that there is equity in the Corvette. Further, it is in the best interests of creditors not to delay the liquidation of the Corvette while the Dispute is being resolved. (Nims Decl., ¶ 7).

17. The Trustee believes that a sale of the Corvette at public auction is the best method of liquidating it for the benefit of the estate. (Nims Decl., ¶ 8).

18. The Trustee is concurrently filing an application to employ Ernst as auctioneer.

19. The Trustee believes that by using an auction process, the Corvette will be exposed to a large number of prospective purchasers and, for that reason, will likely be sold for the best possible price. Ernst engages in extensive advertising, including highway billboards, television, and newspaper advertising, and it mails advertising brochures to its subscriber list of approximately 6000 people. (Nims Decl., ¶ 9).

20. If the Court approves this Motion, the Trustee intends to sell the Corvette at public auction at Ernst's first available auction date. The Corvette will be sold on an "AS IS" basis without any warranty. The proposed public sale will be held on the first available Saturday after the Court approves this motion, at 9:00 a.m. at Ernst's, facility at 824 Kiernan Avenue, Modesto, California 95356. Interested persons may inspect the Corvette at Ernst's on the Friday preceding the sale between 9:00 a.m. and 4:00 p.m. Information regarding the sale or subsequent sale dates, if any, may be obtained by telephoning Ernst, at (209) 527-7399. (Nims Decl., ¶ 10).

21. The Trustee intends to accept the highest reasonable bid. If, in the exercise of the Trustee's business judgment, no reasonable bid is received, the Corvette may be held for subsequent auction or private sale without additional notice. (Nims Decl., ¶ 11).

22. The Trustee believes the sale of the Corvette at a public auction is in the best interests of the creditors because it is likely to obtain the best possible price and should be approved by the Court under Bankruptcy Code Section 363. (Nims Decl., ¶ 12).

## IV.
## PROCEEDS OF THE SALE OF THE CORVETTE AT PUBLIC AUCTION

23. The Trustee will hold proceeds from the sale and distribute them pursuant to the resolution of the Dispute. (Nims Decl., ¶ 13).

## V.
## AUCTIONEER COMPENSATION

24. As is noted in the accompanying application to employ Ernst, the Trustee requests authorization to pay Ernst a 15 percent commission and to reimburse Ernst for reasonable expenses directly from the proceeds of sale, and for Ernst to collect a 15 percent buyer's fee directly from the buyer. The Trustee believes that this is a customary practice for the auction sale of personal property and one which encourages the use of auction professionals to assist with bankruptcy sales of property. The Trustee will file a report of the sale with the Court. (Nims Decl., ¶ 14).

## VI.
## CONCLUSION

The Trustee respectfully requests that the Court authorize the sale of the Corvette at public auction on the terms and conditions set forth in this Motion free and clear of any interests, approve the compensation of the auctioneer on the terms and conditions set forth in this Motion (15 percent seller's commission, reimbursement of reasonable expenses, and 15 percent buyer's fee), and that it grant such other and further relief as is appropriate.

Dated: April 27, 2011

        THE SUNTAG LAW FIRM
        A Professional Corporation

By: _/s/ Dana A. Suntag_
     DANA A. SUNTAG
     Attorneys for Chapter 7 Trustee
     ERIC J. NIMS